**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Misty Traeger,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>People of Illinois,<br><br>　　　　　Defendant. | No. CV-20-08128-PCT-MTL<br><br>**ORDER** |

**I.**

The District Court must independently assess whether it has subject-matter jurisdiction over a case. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). A complaint that fails to establish subject-matter jurisdiction is subject to sua sponte dismissal. *Id*.

**II.**

Plaintiff Misty Traeger filed a pro per "Petition for Removal" against the "People of Illinois." Unlike the standard-variety removal, there does not appear to be any underlying civil complaint removed from any state court. The Court will, however, construe the "removal" as the functional equivalent to a complaint for this Order. To that end, the "People of Illinois" is not a jural entity that may be sued. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878 (D. Ariz. 2008). Even if they were somehow a jural entity, there is no basis asserted to exercise personal jurisdiction, in Arizona, over the collective people of Illinois. *LG Capital Funding, LLC v. M Line Holdings, Inc*., 422 F. Supp. 3d 739,

753 n.4 (E.D.N.Y. 2018) (court may raise personal jurisdiction sua sponte). The Court, therefore, lacks jurisdiction over this case for these reasons.

### III.

The removal asserts various constitutional violations against her allegedly committed by the State of Illinois against her. Insofar as it asserts claims against the State of Illinois, those claims would be barred by the Eleventh Amendment to the United States Constitution. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). While the removal names certain individuals who may or may not be state officials, none of those persons are named as defendants. Thus, Eleventh Amendment immunity is another reason that this Court lacks jurisdiction over Ms. Taeger's case.

### IV.

Accordingly,

**IT IS ORDERED** that the Petition for Removal (Doc. 1) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Sealed Motion to Keep Address off the Public Docket (Doc. 13) and the Motion for Federal Injunctive Relief Against State Court Criminal Proceedings (Doc. 19) are denied as moot.[*]

**IT IS FINALLY ORDERED** that the Clerk of the Court close this case.

Dated this 17th day of August, 2020.

Michael T. Liburdi
United States District Judge

---

[*] The Court observes that the relief requested in the Motion for Federal Injunctive Relief Against State Court Criminal Proceedings is likely barred by the *Rooker-Feldman* doctrine and *Younger* abstention. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Younger v. Harris*, 401 U.S. 37 (1971).